**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
RASHFORD EMANUAL GALLOWAY,          :
                                    :     Civil Action
            Petitioner,             :     08-5182 (NLH)
                                    :
       v.                           :     **O P I N I O N**
                                    :
WARDEN OF F.C.I. FORT DIX,          :
                                    :
            Respondent.             :
_____ :


**APPEARANCES:**

    RASHFORD EMANUAL GALLOWAY, #17700-058, Petitioner pro se
    Federal Correctional Institution Fort Dix
    Fort Dix, New Jersey 08640

    RALPH J. MARRA, Jr., Acting United States Attorney
    MARK CHRISTOPHER ORLOWSKI, Assistant United States Attorney
    Office of the United States Attorney
    402 East State Street, Trenton, New Jersey 08608
    Attorney for Respondent

**Noel L. Hillman**, District Judge:

On April 10, 2008, Petitioner, an inmate currently confined at the Federal Correctional Institution Fort Dix ("Fort Dix"), filed an application for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, seeking various forms of relief. See Galloway v. Bureau of Prisons, 08-1924 (NLH). On October 22, 2008, this Court issued an order and accompanying opinion dismissing Petitioner's civil rights challenges without prejudice

to filing a separate action and, in addition, severing Petitioner's habeas challenges into two matters. See Instant Action, Docket Entries Nos. 2 and 3. Specifically, Petitioner's challenges to his state conviction and sentence remained part of Galloway v. Bureau of Prisons, Civ. No. 08-1924 (NLH) and were dismissed for lack of jurisdiction. See Instant Action, Docket Entry No. 2, at 13-18 and Civ. No. 08-1924 (NLH) at Docket Entry Nos. 3 and 4. Petitioner's challenges to his federal conviction and sentence were construed as challenges to the Bureau of Prison's computation of Petitioner's sentence (rather than Petitioner's second and successive § 2255 motion), see id. at 7-8, and Respondent was directed to answer Petitioner's challenges to that respect. See id. at 17-18 and Instant action, Docket Entry No. 3. On December 18, 2008, Respondent filed its answer. In light of the record provided by Respondent and for the reasons stated below, the Court will deny Petitioner writ of habeas corpus.

This Court previously provided an extensive discussion in the Court's previous opinion of Petitioner's allegations, the procedural history of Petitioner's federal sentencing, and the statements made by the Bureau of Prison officials in the course of Petitioner's exhaustion of administrative remedies, and expressly incorporates pages 3 to 16 of that opinion, Instant Action, Docket Entry No. 2, and refers the parties accordingly.

I.     **ADDITIONAL BACKGROUND**

    Petitioner is currently serving his federal sentence imposed in April 2003 by Judge Richard L. Voorhees of the United States District Court for the Western District of North Carolina.  See Galloway v. United States, 04-0070 (RLV) (W.D.N.C.) ("Galloway I"), Docket Entry No. 2, at 1 (filed on Mar. 3, 2004).  However, initially, Petitioner was arrested by the State of Pennsylvania; that arrest took place on February 7, 2002.  Petitioner did not post bond and remained in Pennsylvania custody while awaiting his state trial.  Three months later, on May 7, 2002, Petitioner was indicted by the United States on the charges unrelated to his Pennsylvania charges; this indictment resulted in a federal detainer lodged against Petitioner.  However, the fact of the federal detainer in no way affected Pennsylvania's primary custody over Petitioner.

    On May 23, 2002, a writ of habeas corpus ad prosequendum was issued to Petitioner by the federal authorities; pursuant to that writ, Petitioner was produced in the District Court for the Western District of North Carolina on June 19, 2002.  Four and a half months later, on November 8, 2002, Petitioner pled guilty on his federal charges in the Western District of North Carolina; this guilty plea produced Petitioner's conviction and the federal sentence which was imposed by Judge Voorhees on April 11, 2003, and which Petitioner is currently serving at Fort Dix.

Specifically, Judge Voorhees issued a Judgment and Commitment Order which sentenced Petitioner to 150 months of imprisonment; the Judgment and Commitment Order stated Judge Voorhees's recommendation that Petitioner would participate in the inmate financial responsibility and substance abuse treatment programs. No other statement was made by Judge Voorhees in Petitioner's Judgment and Commitment Order. In no way did Judge Voorhees indicate his intent to have Petitioner's federal sentence run concurrently with the state sentence that Petitioner was still facing at the time.

On July 22, 2003, that is, slightly more than three months after his April 11, 2003 sentence by Judge Voorhees, Petitioner was returned to Pennsylvania custody and, on July 28, 2003, upon taking a guilty plea on his state charges, he was sentenced to the term of two to four years, with full credit for the time Petitioner spent in custody since the day of his arrest on Pennsylvania charges. On or about September 28, 2005, Petitioner completed the aforesaid state sentence and was released into federal custody to serve the sentence imposed by Judge Voorhees.

Upon taking custody of Petitioner, the Bureau of Prisons ("BOP") calculated Petitioner's federal sentence; the term was calculated without a credit for the period running from Petitioner's arrest on Pennsylvania charges to September 28, 2005. Petitioner, however, asserts that the sentence imposed by

Judge Voorhees should be reduced by the time Petitioner spent in state custody. The key point of Petitioner's argument ensues from his contention that: (1) during the state sentencing proceedings, the state court ordered Petitioner's state sentence to run concurrently to his already imposed federal sentence; and (2) the BOP must give effect to the state sentencing order by reducing Petitioner's federal sentence imposed by Judge Voorhees by the time Petitioner was in custody serving his state sentence.

In support of his assertion that the state court actually ordered Petitioner's state sentence to run concurrently to his federal sentence, Petitioner produced a portion of his plea and state sentencing transcript. Respondent does not assert that, at any time, Respondent was in possession of a copy of Petitioner's state Judgment and Commitment Order; rather, Respondent based its decision on the presumption that the state court actually ordered Petitioner's state sentence to run concurrently to his federal sentence but -- such presumption notwithstanding -- Respondent concluded that, under 18 U.S.C. § 3621(b) and Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991), Petitioner's federal term should not be credited with the period Petitioner spent in state custody.

In addition, Respondent's answer indicates Respondent's position that Petitioner is not qualified for credit under either Willis v. United States, 438 F.2d 923 (5th Cir. 1971), or Kayfez v. Gasele, 993 F. 2d 1288 (7th Cir. 1993).

**II. DISCUSSION**

Respondents's answer sets forth a detailed discussion of the sentence computation regime; this discussion consists of well-established legal principles (not challenged by Petitioner) and requires no recitation in the instant Opinion. This Court, therefore, concentrates its efforts on addressing each of the points raised by Petitioner in his Petition and Reply.

**A. Barden Credit**

Upon receipt of Petitioner's application for nunc pro tunc designation, the BOP informed Petitioner that his application for *consideration* of such request (rather than the request itself) was granted, i.e., that the BOP would consider the request under 18 U.S.C. § 3621(b) and Barden v. Keohane, 921 F.2d 476. See Pet. at 15-16. Pursuant to the teaching of Barden, the BOP sent a letter to Judge Voorhees on November 7, 2007, inquiring about Judge Voorhees's position as to such nunc pro tunc designation. See Docket Entry No. 9-2, Ex. 7. However, Judge Voorhees did not reply to the BOP's inquiry. See id., Exs. 10 and 11. Upon determination that Judge Voorhees did not wish to take a position on that issue, the BOP: (1) relied on 18 U.S.C. § 3584(a)'s guidance that "multiple terms of imprisonment imposed at different times [should be deemed to] run consecutively unless the court orders [otherwise]";(b) reviewed Petitioner's application under the factors stated in § 3621(b); and (c) in

light of this analysis, concluded that Petitioner did not qualify for the nunc pro tunc designation he requested. See id., Ex. 10 (citing sufficiency of the Fort Dix resources, Petitioner's multiple terms of imprisonment, as well as his drug history, and lack of reply from Judge Voorhees).

Thus, the BOP duly considered Petitioner's request and properly exercise its discretion under 18 U.S.C. § 3621(b). Strikingly, Petitioner's reply to Respondent's answer arrives, seemingly, to the same conclusion, since the reply states, and quite correctly,

> that (1) [a] prisoner [is] entitled to have the [BOP] consider [his] request for purposes of determining whether [the] prisoner [is] entitled to [a] credit] against [his] federal sentence for [the period of] time spent in state custody, and (2) [the BOP] ha[s] *discretion* to order [nunc pro tunc designation] where [the] federal sentence was imposed before [the] state sentence[,] and state judge "clearly" intended [the state] sentence to be served concurrently.

Docket Entry No. 13, at 1 (emphasis supplied).

However, Petitioner's reply simultaneously asserts that "[t]he state [c]ourt['s] decision to run the sentence[]s concurrent *must* be honored by the BOP." Id. at 2 (emphasis supplied). While Petitioner seems to be of impression that "a judicial order is a judicial order," in the sense that *any* judicial order must be honored by *any* prison officials, Petitioner errs. For the purposes of calculating Petitioner's federal sentence, there are only two binding authorities both

Page -7-

federal.  One such authority is, obviously, Judge Voorhees who imposed Petitioner's federal sentence; Judge Voorhees's sentencing decision *must* be implemented by the BOP (and cannot be changed by this Court, sitting in habeas review, unless Judge Voorhees's decision was against the law); however, the Judgment and Commitment Order issued by Judge Voorhees was silent as to any concurrence to the state sentence (as the Court noted previously it only stated Judge Voorhees's recommendation that Petitioner would participate in the inmate financial responsibility and substance abuse treatment programs).

The other authority is the United States Attorney General, see 18 U.S.C. § 3585; his or her authority to compute prisoners' terms is delegated to the BOP pursuant to 28 C.F.R. § 0.96.  This delegated-to-the-BOP authority is affected by numerous statutes and regulations, one of which is 18 U.S.C. § 3621(b).  Under Section 3621(b), the BOP has discretion -- i.e., the BOP *may but not must* -- designate, nunc pro tunc, a state facility where a prisoner served his state sentence as a facility where the prisoner was serving his federal sentence.  Such discretionary designation is utilized with respect to those federal sentences where the federal judge could not order concurrence because the state sentence was not yet imposed at the time of the federal sentencing; if granted by the BOP, such discretionary designation became popularly known as "Barden credit".  The BOP may exercise

such discretion only if the state court clearly indicated its intention to have the prisoner's state sentence run concurrently with the prisoner's already imposed federal sentence. Once the BOP determines such clear intent on behalf of the state court, the BOP: (1) is obligated to exercise its discretion by considering the prisoner's application in light of the factors stated in § 3621(b); but (2) is *not* obligated to grant the prisoner's request if, upon considering the prisoner's application in light of the factors stated in § 3621(b), the BOP concludes, in good faith, that such nunc pro tunc designation is not warranted. Moreover, the court sitting in habeas review has no mandate to either second guess the BOP's duly exercised discretion or to change the prisoner's federal sentence by ordering it to run concurrently with the state sentence: the habeas court's mandate is limited to merely establishing whether the BOP duly exercised its discretion. The above-listed chain of principles is summarized by the Court of Appeals in Barden v. Keohane, 921 F.2d 476.

Here, the BOP operated with the presumption that the state court clearly intended to have Petitioner's state sentence running concurrently with his federal sentence. The BOP's adoption of such presumption triggered the BOP's obligation to consider Petitioner's application for Barden credit under the factors stated in § 3621(b), including the BOP's attempt to reach

Judge Voorhees in order to establish his position as to the issue.

Here, there is no question that the BOP duly fulfilled its obligations, since the BOP, in good faith, attempted to determine Judge Voorhees's position as to nunc pro tunc designation, the BOP's duly considered Petitioner's application in light of § 3621(b) factors, and the BOP exercised its discretion by reaching "a" decision with respect to Petitioner's application.  The fact that the BOP concluded that Petitioner did not qualify for Barden credit does not render the BOP's decision invalid; and this Court is without power to second guess the BOP's determination: the Court's mandate to overrule the BOP's decision could be utilized only if the Court determines that the BOP abused its discretion. See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).  In other words, the Court may not substitute its judgment for the agency's.  See, e.g., Koyo Seiko Co. v. United States, 36 F.3d 1565, 1570 (Fed. Cir. 1994) ("a court must defer to an agency's reasonable interpretation of a statute even if the court might have preferred another"); see also Negev Phosphates, Ltd. v. United States, 699 F. Supp. 938, 942 (1988) (the court must sustain an agency's determination if it is reasonable and supported by the record as a whole").

    B.   **Willis and Kayfez Credits**

If a *federal* sentencing judge orders a prisoner's *federal*

*sentence* to be served concurrently with his state sentence, and the prisoner's federal raw Expiration Full Term ("EFT") date exceeds the his state EFT date, the BOP could utilize a "procedural application" and award the prisoner prior custody credit pursuant to Willis v. United States, 438 F.2d 923 (5th Cir. 1971), i.e., award jail time credit for the time the prisoner spent in state custody up to the date of the first sentence being imposed.  Under Kayfez v. Gasele, 993 F. 2d 1288 (7th Cir. 1993), an award of jail time credit is appropriate if the raw EFT of the state sentence exceeded the raw EFT of the federal sentence.

Upon Petitioner's filing of his Petition, this Court, being presented solely with the limited record attached to the Petition, directed Respondent to address every possible theory pursuant to which the BOP might be obligated to credit Petitioner's federal term ond ordered Respondent to discuss, inter alia, the issues of Willis and Kayfez credits.  Respondent duly complied, see Docket Entry No. 9, at 12-16 ("Prior Custody Credit") and Ex. 2, providing the Court with Petitioner's record unambiguously establishing inapplicability of either Willis or Kayfez credit.[1]

---

[1] Respondent's compliance with this Court's directive to address Willis and Kayfez issues prompted Petitioner to assert that "Kayfez . . . has no bearing on the case" at bar ... ." Docket Entry No. 13, at 4.  This Court agrees with both Petitioner and Respondent that Petitioner is not qualified for

**C.   Other Statements Made in Petitioner's Reply**

Petitioner raises a number of other issues in his reply which are at times difficult to comprehend.  Nonetheless we address them now in turn:

(1) Petitioner states that "[t]he career, the work history of J.P. Johnson makes no difference when it comes to the law of this Court[] decision[] making process," Docket Entry No. 13, at 2.  Respondent's recital of J.P. Johnson's credentials are not provided in order to show that J.P. Johnson is a more "trustworthy" person than Petitioner; rather the credentials are provided by Respondent because J.P. Johnson is an affiant who compiled Respondent's exhibits and summarized the content of these exhibits.  See Docket Entry No. 9-2.

(2) Petitioner describes United States v. Wilson, 503 U.S. 329 (1992), as Respondent's "linchpin," and asserts that Respondent's "reliance" on Del Guzzi v. United States, 980 F.2d 1269 (9th Cir. 1992), Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992), United States v. Dennis, 926 F.2d 768 (8th Cir. 1991), United States v. Warren, 610 F.2d 680 (9th Cir. 1980), is "sorely misplaced," Docket Entry No. 13, at 2-3.  These references are not made in connection with Petitioner's Barden challenges; rather the references are

---

either Willis or Kayfez credit.

      made solely in order to describe the overall sentence calculation regime and to address the issue of "double credit" permissible under the holdings of <u>Willis</u> and <u>Kayfez</u> (pursuant to the Court's order to Respondent to examine <u>Willis</u> and <u>Kayfez</u> aspects). <u>See</u> Docket Entry No. 9, at 12-16.

(3) Petitioner states that his allegations present a "genuine issue of material fact," Docket Entry No. 13, at 2-4, and that Respondent "has not proven that the formal order [by the state court, directing concurrence] does not exist." As this Court noted above Respondent's position presumes that Petitioner's state judge indeed ordered Petitioner's state sentence to run concurrently with the federal sentence. <u>See</u> Docket Entry No. 9, at 4 n.2.

(4) Petitioner asserts that Pennsylvania relinquished its custody over Petitioner by "failing to act on state charges . . . for over 5 months," Docket Entry No. 13, at 4. This claim is substantively meritless since a five-month delay, even if true, does not invalidate state jurisdiction to render a criminal sentence. Construing this claim as a failure by the state to provide a speedy trial re-invites the Court to find that the state sentence (which Petitioner already served and which he seeks to have credited against his federal sentence) is invalid. As this Court explained

in its prior opinion, Petitioner may not use § 2241 to challenge his expired state conviction.[2]

### III. CONCLUSION

For the foregoing reasons, this Court will deny Petitioner's application for a writ of habeas corpus.

An appropriate Order accompanies this Opinion.

                                  _s/Noel L. Hillman_
                                  **NOEL L. HILLMAN,**
                                  **United States District Judge**

Dated: February 9, 2009

At Camden, New Jersey

---

[2] The Court notes Petitioner's situation is not uncommon. See, e.g., Caldwell v. Miner, 2006 U.S. Dist. LEXIS 18525, at *6 (D.N.J. Apr. 5, 2006) (expressly noting that a BOP's denial of Barden credit does not indicate the presence of "unique" circumstances).