**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                   :
RASHFORD EMANUAL GALLOWAY,         :
                                   :     Civil Action
            Petitioner,            :     08-5182 (NLH)
                                   :
      v.                           :
                                   :
BUREAU OF PRISONS,                 :
                                   :     **MEMORANDUM OPINION**
            Respondent.            :         **AND ORDER**
_____:

      This matter comes before the Court upon Petitioner's motion for reconsideration of this Court's prior order denying Petitioner's application for a writ of habeas corpus. The facts of this case are not in dispute. As we reiterate below, this matter squarely falls within the holding in Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991).

      Respondent is correct in its assertion that Petitioner's motion for reconsideration does not allege that this Court overlooked any facts or committed any errors of law in reaching its prior determination, and that Petitioner's motion does not assert any new law warranting an outcome different from that reached by this Court. While the court notes that it now appears without question from correspondence filed in this matter that the state court intended its sentence to run concurrently with the federal sentence, Respondent is also correct in stating that the record provided to this Court already indicated that Respondent previously presumed that state of affairs, when it conducted its Barden

analysis.  In sum, Respondent's legal position has been and still is correct.

Petitioner argues that the Respondent is not doing "the right thing"; the "Federal System has gotten worse and worse"; United States Attorneys "expect [f]ederal [j]udges to continue to look another way and not protect the fairness, integrity and public reputation of [j]udicial process"; and "The Court of [A]ppeals should not have to [be bothered with the need to] reverse and remand [this] case back to [this] Court [so] the B.O.P. [would] be told [by the Court of Appeals that the B.O.P.] has the same discretion it used in Barden [that Respondent could use] for [P]etitioner").

Petitioner's arguments are rooted in a misunderstanding of the holding of Barden.  In Barden, the BOP contended that it had *no* discretion to consider giving credit for state sentences that were: (a) served; and (b) imposed to run concurrently with previously-imposed federal sentences.  The Court of Appeals reversed, pointing out that, while the federal sentencing court lacked the power to order concurrency with the yet-to-be-imposed state sentence, the United States Attorney General (or the BOP, as the Attorney General's delegate) had discretionary power to calculate federal sentences by crediting the already-served state sentence.  The term "discretionary power" means just that: upon good faith consideration of the statutory factors, the BOP may *either grant or*

*deny* such credit.  Had the BOP been obligated to grant credit, it would have no discretion.

Petitioner's argument devolves into a contention that in this case Respondent's exercise of good-faith discretion must necessarily result in grant of credit (rather than in denial of credit).  <u>Barden</u> is not so broad.  <u>Barden</u> does not hold that Respondent must give credit to each inmate seeking such credit; to the contrary, the Court of Appeals noted that "We hold only that the Bureau has power [but not the obligation] to grant relief."  <u>Barden</u>, 921 F.2d at 483.

Rather, the role of this Court is to review whether Respondent gave Petitioner's application good faith consideration in light of the statutory factors.  As we have stated earlier in this case, we have been presented with no evidence that such discretion was exercised in an impermissible way.  Absent such evidence it is the obligation of this Court to defer to the discretionary power plainly established in the statutory regime.  In sum, Petitioner's motion for reconsideration does not provide this Court with a basis for reversing the Court's prior decision, and Petitioner's application for a writ of habeas corpus will be denied.

However, as alluded to previously, the Court notes the filing in this matter of a letter written to the BOP by the Honorable John J. Rufe of the Pennsylvania Court of Common Pleas.  <u>See</u> Docket Entry No. 19.  In that letter, Judge Rufe, while noting that the

law grants to the BOP the discretion and authority to grant or deny Barden credit nonetheless urges the BOP to reconsider its decision in light of the state court's unequivocal intention to have its sentence run concurrently to the previously imposed federal sentence.

As we have endeavored to explain, however, the intention of the state court was not the issue in this case. The BOP assumed the intention expressed in Judge Rufe's letter when it rendered its decision. The issue is whether the federal sentencing regime is obligated to honor that intention or has the power to decide otherwise. As we have held, the combination of a statutory provision which presumes consecutive sentences, the silence of Judge Voorhees, the Barden decision, the uncontested record which establishes that BOP acted in good faith in exercising its Barden discretion, and, we add, well-established principles of federal supremacy, establish the BOP's authority in calculating a federal sentence. Consistent with that holding, whether or not the BOP, as a matter of comity, reconsiders its decision in light of Judge Rufe's letter we leave to its sound discretion.

Finally, because we considered and discussed matters outside the original record, Petitioner's motion for reconsideration is granted, in the sense that the Court examined the allegations made by Petitioner in his motion, see Pena-Ruiz v. Solorzano, 281 Fed. Appx. 110, 2008 U.S. App. LEXIS 12436, at *2-3, n.1 (3d Cir. June

4

10, 2008)(court's examination of the allegations made in a litigant's motion for reconsideration qualifies as grant of the motion, even if the court concludes that no error requiring reversal of the court's prior decision was committed).

The Clerk shall reopen this matter by entering a new and separate docket entry reading **"CIVIL CASE REOPENED."**

Petitioner's Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, is **DENIED.**

Upon docketing of this Memorandum Opinion and Order, the Clerk shall re-close this matter by entering a new and separate docket entry reading **"CIVIL CASE CLOSED."**

The Clerk shall forward, by regular U.S. mail, a copy of this Memorandum Opinion and Order to Petitioner and, in addition, forward, by regular U.S. mail, a complementary copy to:

>    The Honorable John J. Rufe
>    Bucks County Court of Common Pleas
>          55 East Court Street
>          Doylestown, PA 18901

**SO ORDERED** on this 4th day of September, 2009.

                                    <u>/s/ NOEL L. HILLMAN</u>
                                    **NOEL L. HILLMAN,**
                                    **United States District Judge**

At Camden, New Jersey